## LOWE vs. KORNER ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where the error of the judge may have influenced the jury, the cause will be sent back for a new trial; not so, when it clearly appears that the error did not influence them.

This was an action for damages, in which the defendants were charged with having combined together to defraud the plaintiff of a flock of sheep.

On the trial of the cause, the counsel for the defendants requested the court to charge the jury, that unless they were satisfied the defendants combined together, for the purpose of defrauding the plaintiff, they must find a verdict for the defendant; and that the allegation of a combination between the defendants, was a material allegation in the plaintiff's petition. The court refused so to charge the jury; but did charge them that in case there had been combination, the defendants would be liable for all damages which the plaintiff might have sustained from the loss of his sheep.

But if there had been no combination, that is, if the defendant believed the seller to be the owner, he would under the allegation, be liable for the value only. To this refusal and charge, the counsel for the defendant excepted. The cause was tried by a jury who found a verdict for the plaintiff, and from a judgement thereon the defendant appealed.

PORTER, J., delivered the opinion of the court.

This action was brought against the defendant, and a person named Barnett. The petition charges that they had combined to defraud the petitioner out of a quantity of sheep under the pretence of a sale from Barnett, whom the plaintiff had hired to watch them, and that he has sustained damage to the amount of six hundred and fifty dollars, which they are jointly and severally liable to pay, and for which he prays judgement.

Barnett made no answer, nor was judgement by default taken against him. Korner pleaded separately, that the allegations in the petition were untrue: that he bought the sheep from Barnett, who, he believed, and still does believe, was the true and lawful owner of them, and he prayed that Barnett might be cited in warranty, and condemned to pay the defendant all such damages as was decreed against him.

On the trial the defendant requested the court to charge the jury, that unless they were satisfied a combination had been proved between the defendant and Barnett, they must

find a verdict against the plaintiff. This charge the judge refused to give, but on the contrary told the jury, that in case there had been a combination, the defendant would be liable to damages; and that in case there was not, he was responsible for the value of the sheep.

It is contended, that combination between the defendants was the *gist* of the action, and that as the judge erred in his charge, the cause should be remanded in order to be tried by a jury, uninfluenced by the errors of the judge.

This position is correct, if these errors could have had an influence on the verdict, but it is clear they could not. The judge was requested to tell the jury that unless they believed there was a combination, they should find for the defendant. Had the verdict left us in doubt, whether it was based on a belief of combination, then the case should be remanded, but it furnishes proof to the contrary. The judge charged, if they believed in a combination, they must give damages: if they did not, they must give the value of the sheep. They found a verdict for the whole damages claimed in the petition, a sum much beyond the value of the sheep; consequently, they believed in the combination, and hence, no injury resulted to the defendant from the refusal to tell them that unless they believed in a combination, they should find for him. The evidence fully sustains the conclusion of the jury, it is one to which the court could not fail to come without their aid.

It would be doing, therefore, a most vain thing to remand it for a new trial. It is true we have more than once said, that parties had a right to have their cause submitted to a jury on legal evidence, and that where it was rejected, or illegal evidence received, we would enable the appellant to have the issue tried by the country again. But this court has never gone so far as to remand a cause for speculative errors on the part of the judge who tried it, which had not practically an influence on the verdict. In the case of *Bowman* vs. *Flower*, which is the leading case on this subject, the doctrine was established, with the limitation just stated. The

court said there, in sending the case back "if, indeed, the evidence appeared to be immaterial, or such as we were clearly satisfied, could not have contributed to influence the minds of those who passed on it, we might hold it was unnecessary to remand." Here we cannot but be clearly satisfied the charge of the judge did not contribute to influence the minds of the jury; for they found in direct opposition to the hypothesis, on which he was requested to state to them certain results would follow. 3 *Martin, N. S.* 273. See also the case of *Sterling* vs. *Lockett*, 7 *Martin, N. S.* 198.

The rule as understood, is that where the error of the judge may have influenced the jury, the cause will be sent back for a new trial, but that the error will not have that effect, when it clearly appears it did not influence them.

It is, therefore, ordered, adjudged, and decreed, that the judgement below, be affirmed with costs.

*Roselius* and *Miller*, for appellant. *Preston*, for appellees.

EASTERN. DIS.
May, 1832.

Where the error of the judge may have influenced the jury, the cause will be sent back for new trial; not so, when it clearly appears that the error did not influence them