No. 6847.—MOLONY BROTHERS & CO. *v.* RUGELEY, BLAIR & CO.

Where all the facts are spread upon the record, the Supreme Court will not take into consideration the charge of the judge *a quo* to the jury. 6 Martin, 498.

APPEAL from the Fifth District Court of New Orleans. *Eggleston,* J. *Durant & Hornor,* for plaintiffs and appellees. *Clark & Bayne,* for defendants and appellants.

HOWE, J. The plaintiffs alleged that on the twentieth March, 1858, they bought from defendants about 33,000 sacks of salt, represented by defendants as stored at the Brooklyn Warehouse, in Algiers, and as being the cargoes of the ships *Spark of the Ocean, Bamberg, Simoda* and *Courier.* They averred that 11,880 sacks of this salt were not in the warehouse at the time of sale, and were never delivered to plaintiffs, and therefore claim to recover back the price paid for this amount, the insurance paid by them, and damages for non-delivery.

The defendants answered, admitting the sale, and averring "that they fully performed all their duty in reference to said sale, and made due delivery according to the custom of merchants and the requirements of law, and that plaintiffs accepted said delivery and acknowledged the same."

The plaintiffs subsequently filed a supplemental petition, claiming the value of the cargo of the ship *Bamberg* with damages, the right to sue for which had been reserved in the original petition, on account of this cargo being involved in litigation with other parties in the Fourth District Court, and for which they averred that they had paid the defendants the sum of $7714 40.

To this the defendants filed a general denial.

The case was tried before a jury, who found a verdict for plaintiffs. A motion for a new trial was overruled, and judgment rendered in favor of plaintiffs, and the defendants have appealed.

Our attention is just called to the bill of exception in the record.

In regard to the cargo of the ship *Bamberg,* which the defendants failed to deliver, and which was involved in the litigation which is fully reported in 14 Annual, pp. 394, 395, the defendants sought to prove that the contract in the shape of a sale to Leland from Casey & Co. of this cargo was in reality a pledge. The court refused to permit this, on the ground of irrelevancy, and we think correctly. Whether this cargo was pledged or sold to Leland, it could in neither case have been delivered to plaintiffs. It was adjudged by this court to Leland; defendants never delivered it to plaintiffs; the plaintiffs never obtained it.

The defendants sought to prove by Ellis that the salt in question was in the warehouse in December, 1857. We do not think the court erred in refusing to permit this proof to be made.

The question before the jury was whether the salt was there on the twentieth March, 1858, at the time the sale was made, and the property represented to be there by the defendants as vendors,

Nor do we think the court erred in refusing to permit C. S. Martin to be examined as a witness for defendants. He was a member of the firm of Casey & Co., the warehousemen, who were responsible for the salt, and were interested to show that the salt was really in the warehouse on the twentieth March, 1858, according to their receipts. As the law stood at the time of the trial (1860) he was clearly incompetent on the ground of interest. See Greenleaf on Ev. § 392 to 403, and cases cited.

The defendants also excepted to certain points in the charge of the judge *a quo*, but we do not find it necessary to pass upon these exceptions. The case is before us on its merits. The record clearly shows that the plaintiffs purchased the salt and paid the defendants for it the price agreed to be paid; that the defendants, as the plaintiffs charge, did not deliver the amounts sued for, and are liable for the sum accorded by the judgment. It would be fruitless to discuss the ingenious objections of the defendants to the charge of the court, when the case is plainly with the plaintiffs in the evidence, and the verdict is fully justified thereby. No improper evidence was received—no proper evidence was rejected. In *Maurin v. Tostin*, 6 Martin 493, this court said: "It is useless for us to take into consideration the propriety of a charge of an inferior court to the jury, when the whole facts are spread upon the record. For, to send back the cause for a new trial with directions to withhold a part of the charge excepted to, or to give another would be productive of delay only; as upon a new appeal whatever might be the verdict, unless it was a special one, it would be our duty to weigh the evidence as if there was no verdict." See also 4 M. 327; 7 N. S. 198; 4 La. 76.

The language of the eminent judge whom we have just quoted, applies with special force to the case now before us, which was tried about nine years ago.

For the reasons given, it is ordered and adjudged that the judgment appealed from be affirmed with costs.