Schlater vs. Wilbert & Sons.

## No. 10,327.

### REGINA W. SCHLATER VS. A. WILBERT & SONS.

1. When the appellant prays the court to decide the case before it and not to remand it, this will be treated as a waiver of exceptions to rulings in the court below, the effect of sustaining which would necessitate a remanding.

2. So far as errors in the charge of the judge to the jury are concerned in civil cases, the jurisdiction over the law and the facts vested in this court, authorizes it, in its discretion, to disregard them and to apply the law correctly to the case as made on the evidence, the whole of which is before us.

3. On the facts of this case, the verdict of the jury is fully sustained by the evidence.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot, J.*

*Samuel Matthews* and *Chas. O. Lauve* for Plaintiff and Appellant:

A petition which discloses the facts upon which a claim is made against defendant is sufficient. It is not necessary that it should negative any matters of defense. Olham vs. Crogham, 3 M. N. S. 517; Matthews vs. Pascal, 13 L. 48; McRea vs. Purvis, 12 Ann. 85.

Counsel should have full freedom of speech in conducting the cases and in advocating the rights of their constituents. Cooley, Con. Lim., 4th ed. p. 555:

Any building or work, or fabrication on a public highway, which prevents or hinders its use or enjoyment to the full extent of public need is considered a public nuisance. Henderson vs.

Mayor et al., 3 L. 563; Sheen vs. Rob Stothart et al., 29 Ann. 630; Alice McCloughry vs. Finney, 37 Ann. 27.

A right to make such structures on the public street, for private purposes, cannot be obtained from a municipal corporation. Daublin vs. Mayor of New Orleans, 1 M. 187.

If obtained, extraordinary care is required of the party favored. 1 Thompson on Negligence, p. 344.

A citizen may maintain an action to abate a nuisance on the public highway. Allard vs. Lobau, 2 N. S. 317; Mayor New Orleans vs. Gravier, 620; Cooley on Torts, 46 and 618.

The action to abate the nuisance may be consolidated with the action for damages caused by the nuisance. C. P. 148; Bauduc vs. Dominique, 8 N. S. 438; Jelks vs. Smith, 5 Ann. 674.

It is a sufficient ground for a new trial, that the deputy sheriff attending the court interfered in the trial, telling defendants what jurors to select and what to reject. The State vs. Judge Ninth Judicial District, 11 Ann. 79.

An amendment which does not alter the substance of the demand after issue joined should be allowed. C. P. 419; Castile vs. Dumartrait, 5 N. S. 70; Jelks vs. Smith, 5 Ann. 674.

The master is responsible for the police of his house and is liable for the damages caused by things thrown therefrom on the public street. The principle upon which this law is founded, is that it is for the public interest that people should walk securely and without danger from accidents of this kind. C. C. Art. 177 (171); Domat's Civil Law, Cushing's edition, vol. 1, arts. 1547, 1548, 1555 and 1586.

In a suit claiming thousands of dollars as damages, a juror who does not know what a thousand dollars is, is not a competent juror, under Acts of 1877, No. 44.

Any acts done under tremor and excitement produced by the misconduct of another from which injuries arise, cannot be relied upon by him as contributary negligence to shield him from damages caused by such misconduct. 37 Ann. 705, Lehman vs. La. W. Railroad Co.; 38 Ann. 185, Holzab vs. Railroad Co.

Whoever creates a danger is under the highest obligation to guard against it hurting anybody. Tutrix vs. Sellers & Co., 39 Ann. 1011.

The public is entitled to the use of each and every part of the public streets. McCloughry vs. Finney, 37 Ann. 27.

Every one is responsible, not only for the damage occasioned by his own act, but also for the damage which is caused by the things that he has in custody. 40 Ann. 467; John B. Yates vs. Brush Electric Light and Power Company; Brown vs. Pont R. R. Co., 8 Rob. 45; Jackson vs. Schmitt, 14 Ann. 818; Choppin vs. N. O. and Ca. R. R. Co., 17 Ann. 19.

If the defendants discovered any negligence of the plaintiff in time, by the use of ordinary care, to prevent the injury and did not make use of such care for the purpose, they are justly chargeable with reckless injury. Cooley on Torts, p. 674.

*R. N. Sims; Alex. Hebert* and *Geo. Wailes* for Defendants and Appellees:

1. The plaintiff, to be entitled to recover in an action of this kind, must first prove that the injuries she received resulted from or were caused by some fault or negligence on the part of the defendants or their employees. Unless this is proved no further inquiry need be made. 23 Ann. 264, 462 and cases cited; 30 Ann. 16; 34 Ann. 160; 11 Ann. 292; 15 Ann. 448; 36 Ann. 750; 37 Ann. 291. Therefore, the burden of proof is on the plaintiff.

2. If the evidence shows that the injury complained of was the result of carelessness or negligence on the part of plaintiff, she cannot recover. In such a case—"It must appear that there was no want of care or imprudence on the part of the plaintiff by which the injury was in any manner directly brought upon himself." 11 Ann. 292.

"A party cannot be heard, if he has contributed to the accident by his own negligence and improper management." 1 Ann. 374 and cases cited; 9 Ann. 441; 3 Ann. 48, citing But-

terfield vs. Forrester, 11 East 60 ; 23 Ann. 462 ; 23 Ann. 264, Mercier vs. Carrollton R. R.; Redfield on Railways, Vol. 2, p. 223, sec. 193 ; 36 Ann. 750 ; 28 Ann. 320 ; 37 Ann. 291.

3.  Under the general issue, defendant has an undoubted right to prove contributory negligence, because evidence thereof tends directly to rebut plaintiff's proof. 9 Ann. 119, Wells vs. St. Dizier ; 10 Ann. 80, Boudreaux vs. Tucker. All of the testimony on the part of defendants was introduced and admitted without objection, and plaintiff is bound by it. Hennen, Vol. 1, p. 493 and 494 ; 23 Ann. 462.

4.  Plaintiff's amended petition, filed June 6th, 1887 (Rec. 6 and 7), was, upon the exception of defendants (Rec. 8 and 9), properly rejected by the court. Judge's Opinion. Rec. 12, 13 and 14. It was an attempt on the part of plaintiff to inject into and engraft upon her original demand for damages an entirely distinct and different cause of action having no no connection therewith. Authorities same as cited under No. 5.

5.  Plaintiff's second amended petition (Rec. 90) was utterly inadmissible. It was filed more than one year after the institution of her suit. It was an effort to substitute a new cause of action wholly repugnant to the allegations of her original petition, viz : To charge that the construction of the inclined railway by defendants was illegal and wrongful in the face of the implied averment in said original petition, that said construction was lawful and proper. Plaintiff could not shift her position or gainsay her previous admissions. 5 N. S. 70 ; 8 N. S. 438 ; 51 Ga. 515, 1874 ; 4 Daly, N. Y. 69 ; 42 Ind. 462 ; 49 Maine 527 ; 43 Penn. (7 Wright) 19. Among other objections defendants opposed the plea of prescription. Wright vs. Hart, 44 Penn. 454 ; 8 Texas 427 ; 3 La. 339 ; 2 Rob. 274 ; Trousdale vs. Thomas, 3 Lea (Tenn.)

6.  Plaintiff's prayer in her brief to this court "not to remand the case, but to end it," is a distinct waiver and abandonment of all objections voted in her numerous bills of exceptions, and this cause ought to be determined here upon the issues presented by the original petition and the answer and the evidence adduced thereunder *pro* and *con*.

7.  The charge of the judge to the jury was legal and proper. It was his duty to instruct them as he did do, that they were the judges of the law and the facts, but that they should take and apply the law as stated to them by the court. 12 Ann. 386 ; 30 Ann. 905 ; 37 Ann. 465 ; C. P. Art. —

The opinion of the Court was delivered by

FENNER, J.  The counsel for plaintiff, who is appellant, complain in their brief of sundry rulings of the judge in refusing to permit amendments to their petition, in rejecting evidence, and in refusing certain charges to the jury; but, at the conclusion of their brief, they say : "We pray your honors to examine the case and render such judgment as should have been rendered in the lower court. We pray your honors not to remand the case, but to end it." We are bound to treat this as a waiver of those exceptions which involve the judge's rulings in denying the amendments and in rejecting evidence; because the only effect of the sustaining of such exceptions would be to remand the case against the express desire of the exceptor himself. Of course, it would be impossible for us to try the case on pleadings not put at issue in the court below or on rejected evidence not appearing in the record.

So far as the errors complained of in the charge of the judge are concerned, the full jurisdiction of this court over the law and the facts in

civil cases, enables us to take the case as established by the evidence in the record and to apply the law correctly, regardless of any errors which may have been committed below. Terrell vs. Boarman, 34 Ann. 306; Vredenburg vs. Behan, 33 Ann. 627.

Plaintiff claims damages for injuries occasioned by a collision between a buggy in which she was riding on a public street in the town of Plaquemine, and a car loaded with lumber which was crossing said street upon an inclined tramway operated by defendants to convey lumber from their saw mill on one side of the street to their lumber yard on the other.

The evidence shows that defendants had been operating this tramway in the same manner for a number of years and that plaintiff, as well as her driver and horse, were familiar with it and were in the frequent habit of crossing it.

On this particular occasion, she was approaching the crossing in her buggy driven by a Mr. Davis, in broad daylight, when a car loaded with lumber was about starting down the incline, attended by two men who held it on its descent to prevent its going too rapidly. One of the proprietors had gone down to the street, before it started, in order to give warning to any passengers on the street. As the car started he saw this buggy approaching and hallooed to hold back and waved his hat to them. He testifies that the driver, Mr. Davis, observed him and bowed his head, but, instead of stopping, continued to move on. The car descended slowly and the horse in the buggy was moving in a walk. After getting through a mudhole distant about thirty feet from the tramway, the driver pulled his horse to the left and struck him with the rein, quickening his motion, and directing him diagonally towards the line in which the car was moving, trying to cross ahead of it; but going too near to the car, some of the projecting planks loaded thereon caught in the wheels, lifting them and throwing out the occupants, resulting in the injuries complained of. The buggy, however, was not upset, but righted itself, and the horse ran away.

It is useless to comment on the evidence. We have studied it with great care. We think it establishes, beyond a doubt, that the accident was caused by the gross negligence and rashness of plaintiff's driver, who was in full view of the moving car and was also warned of its approach in ample time to have halted and to have avoided injury. He disregarded the warning and continued to move forward in a rash attempt to head off the car and cross before it. In so doing, he drove too close and the projecting lumber caught in the wheels.

The jury did not err in finding a verdict for defendants.

Judgment affirmed.