206 So.2d 489

**Edwin A. WALKER**

v.

**ASSOCIATED PRESS and Times-Picayune Publishing Corporation.**

**No. 48512.**

Jan. 15, 1968.

Rehearing Denied Feb. 19, 1968.

Ashton Phelps, Blake West, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendant-petitioner.

Wilkinson, Lewis, Woods & Carmody, W. Scott Wilkinson, Shreveport, Watts, Looney, Nichols & Johnson, Clyde J. Watts, Oklahoma City, Okl., for plaintiff-respondent.

SANDERS, Justice.

Edwin A. Walker, a former Major General in the United States Army, brought this action for libel against the Associated Press and the Times Picayune Publishing Corporation. After a jury trial, the court rendered judgment against the defendants, in solido, in the sum of two million, two hundred fifty thousand ($2,250,000.00) dollars. The defendants appealed.

The Court of Appeal reduced the judgment to seventy-five thousand ($75,000.00) and affirmed. See La.App., 191 So.2d 727. Both defendants petitioned this Court for writs of review. We denied the application of Associated Press, but granted a limited writ to Times Picayune. 250 La. 98, 194 So.2d 97.

The facts may be briefly stated. Edwin A. Walker, a former Major General in the United States Army, resides in Dallas, Texas. Defendant Times Picayune Publishing Corporation publishes the New Orleans Times-Picayune and the New Orleans States-Item, daily newspapers of general

circulation. These newspapers are members of the Associated Press. The defendant Associated Press is a non-profit membership corporation organized under the laws of New York, engaged in gathering and distributing news to its members, newspapers, radio stations, and television stations throughout the United States.

Plaintiff Walker based his demand for damages upon news dispatches of the Associated Press published in the Times Picayune on October 1 and 2, 1962, and in the New Orleans States-Item on October 3, 1962. These dispatches related to the violence that erupted when Negro James Meredith enrolled in the University of Mississippi under Court Order during September of 1962. Walker cited as false and libelous the following statements concerning him in the news releases:

(1) That he assumed command of the crowd that gathered on the campus to protest the enrollment of Meredith at the University; and

(2) That he led an attack upon the United States Marshals stationed on the campus.

Plaintiff Walker maintained the news releases falsely charged him with unpatriotic and criminal conduct, causing serious damage to his reputation.

On the other hand, the defendants maintained the alleged libelous statements were true, represented fair comment on the activities of plaintiff, and were made without malice; that such news releases were privileged and within the protection of the First and Fourteenth Amendments to the United States Constitution.

The Court of Appeal found the Associated Press, through its reporter, made the libelous statements with actual malice, that is, with knowledge that they were false or with reckless disregard of whether they were false or not. Thus, it held the Associated Press liable under the rule announced by the United States Supreme Court in New York Times v. Sullivan, 376 U.S. 254, 84 S. Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412 (1964). In also holding Times Picayune liable, the Court of Appeal observed:

"As heretofore noted, the Associated Press is a member corporation of which the Times-Picayune is a member. Its by-laws describe it as:

"'* * * a mutual and cooperative association formed to gather with economy and efficiency and accurate and impartial report of the news * * * and to furnish and supply the same to its members * * *.'

It would thus seem clear to us that either a relationship of agency between the association and its members had been formed or that the principle of respondeat superior must be followed as provided in LSA–C.C. Art. 2320. It is admitted that Savell was in the employ of the Associat-

ed Press, an association which the Times-Picayune Publishing Corporation voluntarily joined, financially supported, and from which it profited by the labors of that association. As a member, a profiting member of the association, it should respond for the torts of the employees of the association."

On application of Times Picayune, we granted a writ limited to the question of whether the Times Picayune was chargeable with the malice attributed to the Associated Press.

Since this case was submitted, the United States Supreme Court handed down its decision in Associated Press v. Walker, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094. There, the Supreme Court reversed Walker's Texas judgment against Associated Press based on the University of Mississippi news releases.

A majority of the Court held the rule of New York Times Co. v. Sullivan, supra, applied to Walker, as a public figure. The Court reversed the judgment and remanded the case.

Mr. Justice Harlan, joined by Mr. Justice Clark, Mr. Justice Stewart, and Mr. Justice Fortas, stated:

"* * * [T]he trial court found the evidence insufficient to support more than a finding of even ordinary negligence and the Court of Civil Appeals supported the trial court's view of the evidence. Ordinarily we would, under the governing constitutional standard, reverse the decision below on the concurrent findings rule. Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 275, 69 S.Ct. 535, 93 L.Ed. 672, 675. But, as in New York Times, we think it better to face for ourselves the question whether there is sufficient evidence to support the finding we would require.

"* * * [T]he dispatch which concerns us in Walker was news which required immediate dissemination. The Associated Press received the information from a correspondent who was present at the scene of the events and gave every indication of being trustworthy and competent. His dispatches in this instance, with one minor exception, were internally consistent and would not have seemed unreasonable to one familiar with General Walker's prior publicized statements on the underlying controversy. Considering the necessity for rapid dissemination nothing in this series of events gives the slightest hint of a severe departure from accepted publishing standards. We therefore conclude that General Walker should not be entitled to damages from the Associated Press."

In a separate opinion, concurred in by other members of the Court, Chief Justice Warren stated:

"I have no difficulty in concluding that No. 150, The Associated Press v. Walker,

must be reversed since it is in clear conflict with New York Times. The constitutional defenses were properly raised and preserved by the petitioner. The trial judge expressly ruled that no showing of malice in any sense had been made, and he reversed an award of punitive damages for that reason. The seven members of this Court who reach the question agreed with that conclusion, and all agree that the courts below erred in holding the First Amendment inapplicable. Under any reasoning, General Walker was a public man in whose public conduct society and the press had a legitimate and substantial interest."

Implementing the foregoing decision, the United States Supreme Court later reversed and remanded the Louisiana Court of Appeal judgment in favor of Walker against Associated Press in the Louisiana case. See Associated Press v. Walker, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967).

As we have noted, a reporter employed by the Associated Press prepared and distributed the news releases upon which this action was founded. The foregoing United States Supreme Court decisions effectually relieve the Associated Press of liability to the plaintiff.

These decisions control the disposition of this case and require a reversal of the judgment against the Times Picayune Corporation, the publisher of the news releases. In holding the Times Picayune Corporation liable, the Court of Appeal adopted a theory of agency whereby Times Picayune became responsible for the acts of the employees of Associated Press. This theory of vicarious liability cannot stand. Moreover, we find no actual malice on the part of Times Picayune in publishing the news releases.

For the reasons assigned, the judgment of the Court of Appeal in favor of the plaintiff, Edwin A. Walker, against the defendant, the Times Picayune Publishing Corporation, is reversed and the plaintiff's suit is dismissed at his costs.