PER CURIAM.
In an opinion handed down on October 31, 1966 this Court amended a judgment rendered by the District Court in this action in favor of the plaintiff, Edwin A. Walker, and against defendants, The Associated Press and Times-Picayune Publishing Corporation, in solido, by reducing the damages awarded to the plaintiff from $2,250,000 to $75,000 with interest at the rate of 5% per annum from September 10, 1963 until paid, and as so amended, affirmed the judgment of the District Court. Walker v. The Associated Press, La.App., 191 So.2d 727 (2nd Cir.1966), rehearing denied November 29, 1966. The Supreme Court of Louisiana denied the application of The Associated Press for a writ of certiorari or review, 250 La. 98, 194 So.2d 97 (1967) and granted the application of the Times-Picayune Publishing Corporation applying for certiorari, 250 La. 102, 194 So.2d 99 (1967).
The Supreme Court of Louisiana, 251 La. 772, 206 So.2d 489 (1968), after granting the application of the Times-Picayune Publishing Corporation for writs of cer-tiorari handed down its decision January 15, 1968, reversing the judgment of this court in favor of plaintiff, Edwin A. Walker, as against the defendant, the Times-Picayune Publishing Corporation, and dismissing plaintiff’s suit at his cost.
The Associated Press petitioned the Supreme Court of the United States for a writ of certiorari. On October 16, 1967 the Supreme Court of the United States granted the petition of The Associated Press for certiorari and reversed the judgment of this Court. The Associated Press v. Walker, 389 U.S. 28, 88 S.Ct. 106, 19 L.Ed.2d 28 (1967). In a per curiam opinion the Supreme Court ruled:
“The petition for writ of certiorari is granted. The judgment is reversed and the case is remanded for further proceedings not inconsistent with Curtis Publishing Company v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094.
“Mr. Justice Black, with whom Mr. Justice Douglas joins, concurs in the result for the reasons stated in Mr. Justice Black’s concurring opinion in Curtis Publishing Company v. Butts, 388 U.S. 130, 170, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967).” [88 S.Ct. 106]
On December 4, 1967 the Supreme Court denied the petition of the plaintiff Edwin A. Walker for a rehearing. 389 U.S. 997, 88 S.Ct. 462, 19 L.Ed.2d 500. The mandate of the Supreme Court was issued on December 5, 1967. Notice of the denial of the petition for rehearing and the mandate issued by the Supreme Court have been received in due course by this Court. This case, therefore, is ready for final disposition by this Court.
The mandate of the Supreme Court provides, among other things, that:
“ * * * wag orcjere¿ and adjudged on October 16, 1967 by this Court that the judgment of the said Court of Appeal in this cause be reversed with costs, and that this cause be remanded to the Court of Appeal of the State of Louisiana, Second Circuit, for further proceedings not inconsistent with Curtis Publishing Company v. Butts, 380 [388] U.S. 130 [87 S.Ct. 1975] (sic).
“IT WAS FURTHER ORDERED that The Associated Press recover from Edwin A. Walker One Hundred Dollars ($100) for their costs herein expended.”
In compliance with the mandate of the Supreme Court of the United States the judgment of this Court rendered herein on October 31, 1966 against The Associated Press is hereby vacated, annulled and set aside. It is now ordered, adjudged and decreed that the judgment of the District *808 Court against The Associated Press in this case be and it is hereby reversed and set aside and judgment is hereby rendered in favor of defendant, The Associated Press, and against the plaintiff, Edwin A. Walker, dismissing the plaintiff’s suit and rejecting his demands against The Associated Press with prejudice.
It is further ordered, adjudged and decreed that all costs of the appeal in this Court, all costs in the Supreme Court of Louisiana, all costs as set out in the mandate of the Supreme Court of the United States, and all costs incurred in the District Court be and they are taxed to plaintiff Edwin A. Walker.