CUTRER, Judge.
Joseph A. Bienvenu, Jr. and his wife, Lite B. Bienvenu, brought this action for slander against Robert Angelle. A trial by jury resulted in a mistrial. In the-second trial, the jury returned a verdict in favor of defendant and from judgment pursuant thereto, plaintiffs appeal. Defendant answered the appeal contending that the appeal is frivolous and that this Court is without Constitutional authority to disturb the jury’s conclusions of fact.
The plaintiffs allege that defendant uttered certain slanderous statements to Mrs. Mary Evelyn Parker, Director of Public Welfare for the State of Louisiana, and George T. Hammer, Jr., which statements caused damage to Mrs. Bienvenu. Defendant admits having a conversation with Mrs. Parker and Mr. Hammer pertaining to Mrs. Bienvenu’s application for the position of Director of Welfare for St. Martin Parish, but denied any slanderous remarks. In the alternative, defendant pleaded privilege, truth and lack of malice.
The verdict rendered by the jury was general and as such gives this Court no indication as to what conclusions of fact the jury reached. It cannot be determined whether the jury concluded that a slander had not been committed, that if committed, any such remarks were privileged or that they were true. Under these circumstances we are unable to accord the usual weight to the jury verdict but must review the record and make an independent factual determination of the evidence. Louisiana Constitution of 1921, Article VII, Section 29. By following this Constitutional mandate, any error of law by the trial court will be corrected. Broussard v. State Farm Mutual Automobile Insurance Co., La.App., 188 So.2d 111.
The plaintiff contends that the trial court erred in charging the jury that plaintiff was a public official and was therefore subject to the rulings set forth in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 1964. The Sullivan case, in applying the First and Fourteenth Amendments of the Federal Constitution, effected a modification in the jurisprudence of this state by holding:
“The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with ‘actual malice’ that is, with knowledge that it was false or with reckless disregard of whether it was false or not.” This rule was implemented by the Louisiana Supreme Court in Walker v. Associated Press, 251 La. 772, 206 So.2d 489.
This court held, In Re Bienvenu, 158 So.2d 213, that Mrs. Bienvenu was appointed to the position of Director of Public Welfare for St. Martin Parish, Louisiana, as of November 26, 1962. This appointment occurred prior to the date of the alleged slander. Plaintiff strenuously urges that a civil service employee is not a “public official” and therefore is not subject to the rule enunciated in the Sullivan case, supra. We hold that Mrs. Bienvenu was a public official at the time of the alleged slander and the rule of the Sullivan case applies. The character or reputation of a public official is of public interest and statements as to a public official’s character or reputation are statements “related to official conduct.”
We are presented with the question of whether defendant made a defamatory statement and if so did plaintiffs prove that the statements were made with knowledge that it was false or with a reckless disregard of whether it was false or not.
The dispute arises from conversations between defendant and Mrs. Mary Evelyn *397 Parker, the Director of Public Welfare for the State of Louisiana and between defendant and Mr. George Hammer, an investigator for the Civil Service Commission. The conversation with Mrs. Parker took place December 5, 1962, and with Mr. Hammer approximately one month later.
Mrs. Bienvenu made application for the position of Director of Public Welfare for St. Martin Parish in 1962. She spoke to defendant about the application and the fact that she had passed the examination placing her on the eligibility list. In October 1962, Mrs. Bienvenu was interviewed by Mrs. Parker and her assistant, Mrs. Ross. On or about November 15, Mrs. Ross advised Mrs. Bienvenu that she had been selected for the job and it was agreed that Mrs. Bienvenu would begin her employment November 26. A letter of confirmation was to follow. Before the letter was mailed, defendant called Mrs. Parker and told her he would like to discuss the appointment with her. The letter was withheld and on December 5 he went to Baton Rouge for this discussion. The exact context of the conversation is difficult to ascertain from an examination of the record. Defendant related to Mrs. Parker an incident wherein he had seen Mrs. Bienvenu in Baton Rouge in 1944 at a night club with a married man, while her husband was in the Armed Forces. He questioned the qualification of Mrs. Bienvenu due to her reputation. He further observed that Mrs. Bien-venu lacked the executive ability to cope with the problems of such a position. He pointed out that her prior employment had not given her the required executive experience. (Substantially the same conversation took place approximately one month later between defendant and Mr. Hammer.) As a result of the conversation, Mrs. Parker notified Mrs. Bienvenu that the appointment was being cancelled. Mrs. Bien-venu filed a Civil Service proceeding wherein the Board concluded that the appointment was consummated effective November 26, 1962, and the letter of withdrawal was without effect. This position was affirmed by this court. In Re Bien-venu, supra.
Defendant had been a public figure in St. Martin Parish for more than 30 years, most of which time he served as a state representative. He had known the Bienvenu family for many years and was friendly with them until this episode took place. He was vitally interested in the Welfare Department of his parish as it affected the lives of a large number of his constituents. He was well acquainted with the duties and problems faced by a Director. His concern was, not the person who became Director, but the type of person who obtained such position. It is apparent that defendant was expressing his own opinion of Mrs. Bienvenu’s reputation stemming from what he had seen. Mrs. Parker and Mr. Hammer interpreted this expression to mean, however, that her reputation was not good in the community generally. The testimony concerning the conversation, and the circumstances surrounding this episode, lead this Court to the conclusion that the plaintiffs have failed to show that the statements by defendant were made with actual malice. Thus the plaintiffs failed in their burden of proof as required by the Sullivan case. In view of this conclusion, it is not necessary to discuss the remaining contentions of plaintiffs.
For the reasons set forth herein the judgment of the lower court is affirmed. Plaintiff is to pay the costs of this appeal.
Affirmed.