SANDERS, Justice
(dissenting).
This decision represents a retreat from the appellate review of facts in Louisiana. With a full record of evidence, the majority has refused to decide the case on the merits and remanded it for a new trial.
Since 1879, the Louisiana Constitution has expressly required appellate courts to review both the law and facts in civil cases. La.Const. Art. 81 (1879); La.Const. Art. 85 (1898); La.Const. Arts. 85, 98 (1913); La.Const. Art. VII, §§ 10, 29 (1921).
In discharging their constitutional duty to review both the law and the facts, appellate courts have rendered judgment on the merits when there has been an erroneous exclusion or admission of evidence, e. g., Builliard v New Orleans Terminal Co., 185 La. 924, 171 So. 78; Broussard v. State Farm Mutual Automobile Ins. Co., La.App., 188 So.2d 111, cert. denied, 249 La. 713, 190 So.2d 233, 386 U.S. 909, 87 S.Ct. 855, 17 L.Ed.2d 783; Schlater v. LeBlanc, 121 La. 919, 46 So. 921; Driefus v. Levy, La.App., 140 So. 259.
Specifically, it is well settled that when an appellate court has all the facts before it, a trial judge’s erroneous instruction to the jury does not warrant a remand. Abat v. Doliolle, 4 Mart. (O.S.) 316; Maurin v. Toustin, 6 Mart. (O.S.) 496; Molony v. Rugeley, 21 La.Ann. 330; Schlater v. A. Wilbert & Sons, 41 La.Ann. 406, 6 So. 127; Peeples v. Dobson, La.App., 99 So.2d 161; *201 Duet v. Montagnet, La.App., 169 So.2d 561; Barreca v. United States Fire Insurance Co., La.App., 182 So.2d 138, cert. denied, 249 La. 111, 185 So.2d 219; 41 Tul.L.Rev. 922, 924. See also Link v. Shreveport Rys. Co., La.App., 153 So. 77.
As early as 1819, in Maurin v. Toustin, supra, this Court held:
“It is useless for us to take into consideration the propriety of a charge of an inferior court to the jury, when the whole facts are spread upon the record. For, to send back the case for a new trial, with directions to withhold the part of • the charge excepted to, or to give another, would be productive of delay only: as, upon a new appeal, whatever might be the verdict, unless it was a special one, it would be our duty to weigh the evidence. * * * ”
Later, in Schlater v. A. Wilbert & Sons, supra, the Court reiterated:
“So far as the errors complained of in the charge of the judge are concerned, the full jurisdiction of this court over the law and the facts in civil cases, enables us to take the case as established by the evidence in the record and to apply the law correctly, regardless of any errors which may have been committed below.”
The Courts of Appeal have generally adhered to this doctrine.[1] The late Professor Henry George McMahon, a distinguished authority on civil procedure, cites Link v. Shreveport Rys. Co., supra, for the correct definition of appellate review in Louisiana. See 1 McMahon Louisiana Practice p. 823 (1939).
In Link, the Court of Appeal stated:
“In this state, consideration of questions of fact, as well as of law, is the prerogative of appellate courts. The right of trial by jury in a civil case is not accorded unless specially prayed for, and then, on appeal, the jury’s decision on fact and law may be reversed. Errors of procedure and faulty rulings of the trial judge may be corrected on appeal without ordering a new trial. Therefore, even though a jury be illegally constituted or have as its members some who are disqualified, these irregularities are entirely eliminated or absorbed by the appellate court in passing on the merits of the case.”
Although an appellate court may remand for a new trial in an appropriate case,[2] an erroneous instruction to the jury is no basis for a new trial. As noted by the Court of Appeal in the present case, the appellate court can apply the correct *203 law to the body of evidence before it. 211 So.2d 395.
The majority decision, in my opinion, creates potential harm to Louisiana’s court system.
First, the decision is founded upon the postulation that an adjudication results only when there is “a determination under the correct legal principles.” This doctrine, if taken at face value, would void all trials in which the trial judge commits an error of law. With the lack of an adjudication, new trials would ensue.
Second, the majority holds that a case must be remanded for a new trial when the instructions are “so erroneous that there was not a proper determination of the issues presented to it.” Elsewhere in the opinion, the test is phrased, “so erroneous as to deny a proper determination of facts and issues under the law.” At best, these tests are nebulous. They force the appellate courts to weigh feathers in determining whether a new trial must be ordered.
Finally, the circumvention of full appellate review under these circumstances may aggravate docket congestion by a host of new trials, held not for the production of additional evidence but for adjudication.
I would decide this case on the merits. The delay and expense of a third trial are unnecessary. The present decision may produce future harm to our court system.
For the reasons assigned, I respectfully dissent.

. In recent years, only one case deviates from the established jurisprudence : Herbert v. Travelers Indemnity Company, 193 So.2d 330 (La.App.4th Cir. 1966) cert. denied 250 La. 365, 195 So.2d 643, “Judgment not final.” Tliis case, involving an erroneous exclusion of evidence in a jury trial, was criticized in 41 Tul. L.Rev. 922.

. See LSA-C.C.P. Art. 2164.